IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| **STACY GRAHAM,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 5:22-cv-4004-KHV-ADM |
| v. | ) | |
| | ) | |
| **FLORENCE CORPORATION OF KANSAS d/b/a FLORENCE CORPORATION,** | ) ) ) ) | |
| | ) | |
| Defendant. | ) | |

## STIPULATED PROTECTIVE ORDER

The parties agree that it may be necessary during discovery to disclose certain confidential information relating to the subject matter of this action. They agree that certain categories of such information should be treated as confidential, protected from disclosure outside this litigation, and used only for purposes of prosecuting or defending this action and any appeals. The parties jointly request entry of a protective order to limit the disclosure, dissemination, and use of certain identified categories of confidential employment, personal, medical, and/or financial information regarding Plaintiff; the personnel records of current and former employees of Defendant (documents that are otherwise kept confidential), and Defendant's sensitive financial business records and/or confidential and proprietary information related to Defendant's business and operations.

In support of the parties' request, they assert that production of the identified categories of confidential information is necessary because they anticipate exchanging sensitive, proprietary, or personally identifying information that is potentially subject to applicable state and/or federal privacy statutes. Moreover, Plaintiff has asserted claims of sex/gender discrimination/harassment

and retaliation in violation of the ADA and Title VII. Given the nature of the parties' claims and defenses, it may be necessary to produce confidential employment, personal, medical, and/or financial information regarding Plaintiff, which Plaintiff believes could encompass sensitive, personal, nonpublic information and violate her privacy rights. Further, it may be necessary to produce personnel records of current and former employees of Defendant (documents that are otherwise kept confidential), and Defendant's sensitive financial business records and/or confidential and proprietary information related to Defendant's business and operations. Defendant believes that, if such information was released to the general public, Defendant would suffer injuries because the information would become available to Defendant's competitors who may use such information in direct competition with Defendant and/or to negatively impact Defendant's business and its ability to operate long term; and/or the confidentiality and privacy rights of Plaintiff and Defendant's current/former employees could be violated. Further, Defendant believes that public disclosure of private personnel information of employees not a party to this matter could expose Defendant to legal claims regarding the privacy of same and/or result in adverse consequences for former employees at future employers. To protect the privacy and confidentiality of Plaintiff, Defendant's current and/or former employees, and Defendant's protectable business interests, the parties believe a protective order is required to limit the production and dissemination of these categories of information. This Order would facilitate the exchange of information among the parties.

For good cause shown under Fed. R. Civ. P. 26(c), the court grants the parties' Joint Motion for Entry of Stipulated Protective Order (ECF 18) and enters the following protective order:

**1.   Scope.**  All documents and materials produced in discovery, including initial disclosures, discovery responses, deposition testimony and exhibits, and information derived

therefrom (hereinafter, collectively, "documents"), are subject to this Order concerning Confidential Information as set forth below. As there is a presumption in favor of open and public judicial proceedings in the federal courts, this Order will be strictly construed in favor of public disclosure and open proceedings wherever possible.

    **2.** **Definition of Confidential Information.** As used in this Order, "Confidential Information" is defined as information that the producing party designates in good faith has been previously maintained in a confidential manner and should be protected from disclosure and use outside this litigation because its disclosure and use are restricted by statute or could potentially cause harm to the interests of the disclosing party or nonparties. For purposes of this Order, the parties will limit their designation of "Confidential Information" to the following categories of information or documents:

- Personnel files and other employment files relating to Plaintiff and Defendant's current or former employees' employment files including records on performance, discipline, or other matters where the employee may have an expectation of privacy;

- Personally Identifiable Information, including social security numbers, bank or other financial account information, and dates of birth of Plaintiff and Defendant's current or former employees;

- Medical information of Plaintiff, and of current and/or former employees of Defendant;

- Communications sent to, from, or about Plaintiff of a sensitive, sexual, and/or intimate nature;

- Proprietary, organizational, or other confidential business records, including records created by Defendant, and/or records relating to or from customers or clients of Defendant;

- Financial and/or tax records of Plaintiff and Defendant;

- Documents related to any of Defendant's trade secrets; and

- Records whose disclosure are restricted or prohibited by statute, binding agreement, or otherwise.

Information or documents that are available to the public may not be designated as Confidential Information. The identification of a document or category of documents above shall not be construed as an agreement as to the relevance or discoverability of the document(s) by the party in possession. This Order is not intended in any way to prevent or prohibit a producing and/or designating party from disclosing and/or using his/her/its own Confidential Information for purposes unrelated to this litigation, as long as the producing and/or designating party is not otherwise prohibited from such use or disclosure by statute, regulation, court order (other than this Order), or otherwise applicable law.

3. **Form and Timing of Designation.** The producing party may designate documents as containing Confidential Information and therefore subject to protection under this Order by marking or placing the word "CONFIDENTIAL" (hereinafter, "the marking") on every page of the document and on all copies in a manner that will not interfere with the document's legibility, or, in case of electronic files where placement of this "CONFIDENTIAL" marking is not feasible, by placing the word in the name/title of the file or folder in which the files are produced. As used in this Order, "copies" includes electronic images, duplicates, extracts, summaries, or descriptions that contain the Confidential Information. The marking will be applied prior to or at the time the documents are produced or disclosed. Applying the marking to a document does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order. Copies that are made of any designated documents must also bear the marking, except that indices, electronic databases, or lists of documents that do not contain substantial portions or images of the text of marked documents and do not otherwise disclose the substance of the Confidential Information are not required to be

marked.  By marking a designated document as confidential, the designating attorney or party certifies that the document contains Confidential Information.

4. **Inadvertent Failure to Designate.**  Inadvertent failure to designate any document or material as containing Confidential Information will not constitute a waiver of an otherwise valid claim of confidentiality pursuant to this Order and may be cured by providing written notice thereof to counsel for the receiving party.  Upon receipt of such notice, counsel shall immediately take action to maintain and restrict the use of such information in accordance with the terms of this Protective Order.

5. **Depositions.**  Deposition testimony will be deemed confidential only if designated as such when the deposition is taken or within 30 days following receipt of the deposition transcript.  Such designation must be specific as to the portions of the transcript and/or any exhibits to be protected.

6. **Protection of Confidential Material.**

   (a) **General Protections.**  Designated Confidential Information must be used or disclosed solely for purposes of prosecuting or defending this lawsuit, including any appeals or any other related legal proceeding brought by one of the parties to this litigation.

   (b) **Who May View Designated Confidential Information.**  Except with the prior written consent of the designating party or prior order of the court, designated Confidential Information may only be disclosed to the following persons:

   (1) The parties and their employees, agents, board members, and representatives;

   (2) Counsel for the parties and their employees and agents;

   (3) The court and court personnel, including any special master appointed by the court, and members of the jury;

    (4)    Court reporters, recorders, and videographers engaged for depositions;

    (5)    Any mediator appointed by the court or jointly selected by the parties;

    (6)    Any expert witness, outside consultant, or investigator retained specifically in connection with this litigation, provided the expert witness, outside consultant, or investigator is first informed of his or her duty to maintain the confidentiality of the Confidential Information, and agrees to be bound by this Order;

    (7)    Any potential, anticipated, or actual fact witness, deponent, or interviewee and/or his or her counsel, but only to the extent such confidential documents or information will assist the person in recalling, relating, or explaining facts or information or in testifying, or to the extent counsel has a good-faith belief that the person should be provided access to such information in order for counsel to more effectively prosecute or defend this case, and provided the person is first informed of his or her duty to maintain the confidentiality of the Confidential Information;

    (8)    The author or recipient of the document (not including a person who received the document in the course of the litigation);

    (9)    Independent providers of document reproduction, electronic discovery, or other litigation services retained or employed specifically in connection with this litigation; and

    (10)    Other persons only upon consent of the producing party and on such conditions as the parties may agree.

**(c)** **Control of Documents.** The parties must take reasonable efforts to prevent unauthorized or inadvertent disclosure of documents designated as containing Confidential Information.

**7.** **Filing Confidential Information.** A party that seeks to file any document containing Confidential Information must take appropriate action to ensure that the document receives proper protection from public disclosure, such as: (a) filing a redacted document with the consent of the party who designated the document as confidential; or (b) seeking permission to file

the document under seal by filing a motion for leave to file under seal in accordance with D. Kan. Rule 5.4.6. Nothing in this Order will be construed as a prior directive to allow any document to be filed under seal. Merely designating information as confidential pursuant to this Order is insufficient to satisfy the court's requirements for filing under seal in light of the public's qualified right of access to court dockets. The parties understand that the requested documents may be filed under seal only with the court's permission after proper motion. If the motion is granted and the requesting party is permitted to file the requested documents under seal, only counsel of record and unrepresented parties will have access to the sealed documents. Pro hac vice attorneys must obtain sealed documents from local counsel.

**8.     Challenging a Confidential Designation.**  A non-producing party that believes documents produced by the producing party should be marked as Confidential Information may designate the documents as such within 21 days of the production and produce them with the appropriate markings. The parties shall then use the version of the documents marked Confidential Information from that point forward. Disclosure of such document by the other party prior to such later designation will not be deemed a violation of the provisions of this Order.

Any party may challenge the designation of any material or document as Confidential Information. But before filing any motion or objection to a confidential designation, the objecting party must meet and confer in good faith with the designating party to attempt to resolve the objection informally without judicial intervention. A party that elects to challenge a confidentiality designation may file a motion that identifies the challenged material and sets forth in detail the basis for the challenge. The burden of proving the necessity of a confidentiality designation remains with the party asserting confidentiality. Until the court rules on the challenge, all parties must continue to treat the materials as Confidential.

9. **Using Confidential Documents or Information at Trial or Hearing.** Nothing in this Order will be construed to affect the use of any document, material, or information at any trial or hearing. A party that intends to present or anticipates that another party may present Confidential Information at a hearing or trial must bring that issue to the attention of the court and the other parties without disclosing the Confidential Information. The court may thereafter make such orders as are necessary to govern the use of such documents or information at the hearing or trial. The parties do not waive any right to object at trial to the admissibility of any document that falls under the scope of this Order, or portion thereof, or the right to file a motion *in limine* regarding the use of any such documents.

10. **Obligations on Conclusion of Litigation.**

    (a) **Order Remains in Effect.** Unless otherwise agreed or ordered, all provisions of this Order will remain in effect and continue to be binding after conclusion of the litigation.

    (b) **Returning Confidential Documents.** After this litigation concludes by settlement, final judgment, or final order, including all appeals, the parties' respective counsel shall, upon written request of the other party, destroy by shredding or return all confidential documents, including all copies of the same, to the counsel of record of the party that produced that document. The parties and their counsel retain the right to keep any confidential documents that were admitted as exhibits in this case, as well as all pleadings, briefs, memoranda, motions and other documents containing their work product that refer to or incorporate any documents that fall under the scope of this Order.

    (c) **Retaining Work Product.** Notwithstanding the above requirements to return or destroy documents, counsel may keep a copy of all confidential documents as part of the

client file for the purpose of defending any potential legal malpractice action and/or to the extent required by any rule of professional conduct.  This work product will continue to be confidential under this Order. An attorney may use his or her own work product in subsequent litigation provided that its use does not disclose Confidential Information.

      11.      **Modification.**  This Order may be modified by the court on its own motion or on motion of any party or any other person with standing concerning the subject matter.  The Order must not, however, be modified until the parties have been given notice and an opportunity to be heard on the proposed modification.

      12.      **Enforcement.**  Even after the final disposition of this case, a party or any other person with standing concerning the subject matter may file a motion to seek leave to reopen the case for the limited purpose of enforcing or modifying the provisions of this Order.

      13.      **No Prior Judicial Determination.**  This Order is entered based on the parties' representations and agreements for the purpose of facilitating discovery.  Nothing in this Order will be construed or presented as a judicial determination that any document or material designated as Confidential Information by counsel or the parties is entitled to protection under Fed. R. Civ. P. 26(c) or otherwise until such time as the court may rule on a specific document or issue.

      14.      **Persons Bound.**  This Order will take effect when entered and is binding upon all counsel of record and their law firms, the parties, and persons made subject to this Order by its terms.

      15.      **Applicability to Parties Later Joined.**  If additional persons or entities become parties to this lawsuit, they must not be given access to any Confidential Information until they execute and file their written agreement to be bound by the provisions of this Order.

16. **Protections Extended to Third-Party's Confidential Information.** The parties agree to extend the provisions of this Protective Order to Confidential Information produced in this case by third parties, if timely requested by the third party.

17. **Confidential Information Subpoenaed or Ordered Produced in Other Litigation.** If a receiving party is served with a subpoena or an order issued in other litigation that would compel disclosure of any material or document designated in this action as Confidential Information, the receiving party must so notify the designating party, in writing, immediately and in no event more than five business days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

The receiving party also must inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is the subject of this Order, and deliver a copy of this Order promptly to the party in the other action that caused the subpoena to issue.

The purpose of imposing these duties is to alert the interested persons to the existence of this Order and to afford the designating party in this case an opportunity to try to protect its Confidential Information in the court from which the subpoena or order issued.  The designating party bears the burden and the expense of seeking protection in that court of its Confidential Information, and nothing in these provisions should be construed as authorizing or encouraging a receiving party in this action to disobey a lawful directive from another court.  The obligations set forth in this paragraph remain in effect while the party has in its possession, custody, or control Confidential Information designated by the other party to this case.

18. **Disclosure of Confidential Information Covered by Attorney-Client Privilege or Work Product.**  Whether inadvertent or otherwise, the disclosure or production of any

information or document that is subject to an objection based on attorney-client privilege or work-product protection, including, but not limited to, information or documents that may be considered Confidential Information, will not be deemed to waive a party's claim to its privileged or protected nature or estop that party or the privilege holder from designating the information or document as attorney-client privileged or subject to the work-product doctrine at a later date.

If the receiving party discovers that it has received either attorney-client privilege or work-product-protected documents, it will bring that fact to the producing party's attention in writing as soon as practicable upon determining that privileged or work-product information or documents have been produced.  As soon as practicable, the producing party shall inform the receiving party, in writing, that the information or document is subject to a legitimate claim of privilege and that the return of the information or document is promptly requested.  Upon receiving written notice of the producing party's claim of privilege, or when the receiving party receives information produced by the other party which the receiving party recognizes as containing privileged or work product information, the receiving party shall treat the information as privileged and either: (1) promptly return the information or document to the producing party, (2) destroy all copies the information or document, or (3) if the receiving party has a good faith basis to believe the information is not privileged, may challenge the producing party's claim.  Until an agreement is reached or a determination is made by this Court, such information shall be treated as privileged and may not be used or disclosed in any manner.  In the event the receiving party destroys the information, the receiving party shall so inform the producing party in writing within ten (10) days that the information has been destroyed.

Disclosure of the information or document by the other party prior to such later designation will not be deemed a violation of the provisions of this Order.  Although the provisions of this

section constitute an order pursuant to Federal Rules of Evidence 502(d) and (e), and will be construed in a manner consistent with the maximum protection provided by said rule, nothing in this Order is intended or will be construed to limit a party's right to conduct a review of documents, including electronically-stored information, for relevance, responsiveness, or segregation of privileged or protected information before production.

**IT IS SO ORDERED.**

Dated April 19, 2022, at Kansas City, Kansas.

                                              s/ Angel D. Mitchell  
                                              Angel D. Mitchell  
                                              U.S. Magistrate Judge